**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

CAROL GAYLOR,                                      )
an individual,                                     )
                                                   )        CASE NO.:
            Plaintiff,                             )
                                                   )
vs.                                                )
                                                   )
JVH ENTERPRISES, LLC,                              )
a Georgia Limited Liability Company,               )
                                                   )
            Defendant.                             )
_____)

## COMPLAINT

Plaintiff, CAROL GAYLOR, through her undersigned counsel, hereby files this Complaint and sues JVH ENTERPRISES, LLC, a Georgia Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, CAROL GAYLOR, (hereinafter referred to as "MRS. GAYLOR"), is a resident of White County, Georgia.[1]

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[2]

6. Defendant JVH ENTERPRISES, LLC, a Georgia Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is the owner

---

[1] Mrs. Gaylor splits her time between a residence in St. Johns County, Florida and White County, Georgia.
[2] Plaintiff is capable of walking short distances without assistance on good days.

and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, generally located at 125 John W Morrow Jr Pkwy, Gainesville, GA 30501.

7.    All events giving rise to this lawsuit occurred in the Northern District of Georgia, Hall County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.    Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9.    The Property, a shopping plaza, is open to the public and provides goods and services to the public.

10.    MRS. GAYLOR has visited the Property several times over the past year and attempted to utilize the goods and services offered at the Property.   She last visited and shopped at the Property in early May of 2026.

11.    While at the Property, MRS. GAYLOR experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers more fully discussed below.

12.    MRS. GAYLOR continues to desire to visit the Property because she is frequently in the Gainesville area and it contains stores that she enjoys, but fears that she will continue to experience serious difficulty and unequal treatment due to

the barriers discussed herein, which still exist.

13.    MRS. GAYLOR plans to and will visit the Property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14.    Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which reduced Plaintiff's access throughout the Defendant's Property:

A.    Plaintiff encountered inaccessible parking spaces intended for disabled use throughout the Property due to severely faded paint markings on the ground and a lack of any accessible signage to identify the spaces as exclusively for disabled use. These conditions made it difficult and dangerous for Plaintiff to identify and utilize the ADA spaces in the parking lot and do not discourage non-disabled persons from parking in those spaces.

B.    Plaintiff encountered inaccessible parking spaces intended for disabled use throughout the Property due to Defendant's failure to provide full width access aisles adjacent to two of the three ADA parking spaces provided in the lot. Due to these conditions, Plaintiff has difficulty getting into and out of her vehicle and is at risk

from nearby vehicles without full width compliant access aisles.

C.    Plaintiff encountered inaccessible parking spaces intended for disabled use due to pavement in disrepair and excessive slopes within the ADA parking spaces.  Due to these issues, Plaintiff has difficulty and must use extra caution loading and unloading into her vehicle and making her way from the vehicle to the sidewalk.

D.    Plaintiff encountered inaccessible curb ramps connecting the ADA parking spaces to the property sidewalk near the Dominican Salon and G&A Africa Market tenant spaces due to excessive slopes, disrepair and because parked cars block access to the curb ramps in question. These conditions increased Plaintiff's risk of a fall and required that she use extra caution maneuvering over these ramps. Furthermore, the ramps become unusable when a car is parked in the designated ADA parking space adjacent to said ramps.

15.    Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16.    Independent of her intent to return as a patron to the Property because she enjoys the stores there and its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment JVH ENTERPRISES, LLC, and requests the following injunctive and declaratory relief:

A.    That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B.    That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete

corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976


By: */s/ John A. Moore*
        John A. Moore, Esq.
        Georgia Bar No.: 519792
        Of Counsel
        The Moore Law Group, LLC
        1745 Martin Luther King Jr., Drive
        Atlanta, GA 30314
        Tel.: (678) 288-5601
        Fax: (888) 553-0071
        Email: jmoore@moorelawllc.com
        Attorney for Plaintiff